**Albert C. BURNS, as Personal Representative of and for Mrs. Addie Bell Eisenmann, Widow of Woodrow Browder, Appellant,**

v.

**LYKES BROTHERS STEAMSHIP COMPANY, Inc., Appellee.**

**No. 22487.**

United States Court of Appeals
Fifth Circuit.

May 3, 1966.

Roland J. Sternfels, Geo. M. Leppert, New Orleans, La., John T. Mulvehill, New Orleans, La., for appellant.

Francis Emmett and Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for appellee.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM.

This is an appeal by the personal representative and widow of a deceased ordinary seaman from a judgment of the United States District Court for the Eastern District of Louisiana, dismissing their suit brought under the Jones Act, 46 U.S.C.A. § 688, after the Court directed a verdict in favor of the appellee at the close of appellant's case. The basis of the claim of negligence against the appellee ship owner was the alleged failure to provide proper medical care to the deceased seaman while aboard ship.

The District Court expressed doubt that there was sufficient proof of a causal connection between the seaman's

death and his illness and treatment; but for the purpose of passing upon the appellee's motion for a directed verdict, assumed that such causal connection had been established. The motion for directed verdict was granted because the trial court concluded that there was a failure of proof of any negligence on the part of the appellee.

In our review of the action of the trial court, all conflicts in the evidence, or in the inferences which may be drawn therefrom, must be resolved against the appellee and in favor of the appellant. A careful review of the record convinces us that the trial court did not commit error in granting the motion of the appellee for a directed verdict.

The judgment is affirmed.